**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:10-CV-305-RLV-DCK**

| | | |
|---|---|---|
| **MANISH ATMA and HITESH PATEL,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | )  | **MEMORANDUM AND ORDER** |
| | ) | **AND RECOMMENDATION** |
| | ) | |
| **THE IRON THUNDER SALOON & GRILL,** | ) | |
| **INC. and DANIELLE DUNN,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**THIS MATTER IS BEFORE THE COURT** on the "Motion To Dismiss - The Iron

Thunder Saloon & Grill Hickory, Inc." (Document No. 3); "Motion To Dismiss - The Iron Thunder

Saloon & Grill, Inc." (Document No. 13); "Motion For Leave To File A Second Amended

Complaint" (Document No. 14); and "Motion For Extension Of Time To File Response Brief In

Opposition To Defendant Iron Thunder Saloon & Grill, Inc.'s Motion To Dismiss" (Document No.

15). This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C.

§636(b) and immediate review of these motions is appropriate. Having carefully considered the

record, the motions, and applicable authority, the undersigned will recommend that the motions to

dismiss be <u>denied as moot</u>, and order that the motion to amend be <u>granted</u>, and the motion for

extension be <u>denied as moot</u>.

**AMENDED COMPLAINT**

The docket sheet for this case reflects the Plaintiffs filed an "Amended Complaint"

(Document No. 1-1, p.11-17) in the Superior Court of Mecklenburg County, on or about July 2,

2010. Plaintiffs now seek to enter a "Second Amended Complaint" (Document No. 14-1) to correct

typographical errors for the date on which the alleged underlying incident occurred. (Document No. 14). Plaintiffs' "Motion For Leave To File A Second Amended Complaint" states that Defendant The Iron Thunder Saloon & Grill, Inc. ("Iron Thunder") opposes the motion to amend. (Document No. 16).

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure

> A party may amend its pleading once as a matter of course within:
> **(A)** 21 days after serving it, or
> **(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b) ... whichever is earlier.
> **(2)** ... In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a).

In this case, more than 21 days have passed since Defendant Iron Thunder's first "Motion To Dismiss" (Document No. 3) and since Defendant Danielle Dunn's ("Dunn") "Answer" (Document No. 12). Therefore, pursuant to Fed.R.Civ.P. 15(a)(2), leave of the Court is required for Plaintiffs to amend. After careful consideration of the record and the motions, the undersigned finds that Plaintiffs have shown good cause to amend; however, barring extraordinary circumstances, further amendments to the Complaint are unlikely to be allowed.

## MOTIONS TO DISMISS

After the Defendant Iron Thunder twice filed motions to dismiss (Document Nos. 3 and 13) Plaintiffs' Amended Complaint, Plaintiffs filed for leave to file a "Second Amended Complaint" as addressed above. (Document No. 14). It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F. 3d 567, 573 (4th Cir. 2001) ("[t]he general rule ...

is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect); Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. Sept. 1, 2004) (Defendants' earlier motion to dismiss was rendered moot by the filing of Plaintiff's second amended complaint); Turner v. Kight, 192 F. Supp. 2d 391, 397 (D. Md. 2002) (citing 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended ... supersedes the pleading it modifies .... Once an amended pleading is interposed, the original pleading no longer performs any function in the case and any subsequent motion made by an opposing party should be directed at the amended pleading.");  and see, e.g., Brown v. Sikora and Associates, Inc., 2008 WL 1751934 at *3 (4th Cir. 2008);  Atlantic Skanska, Inc. v. City of Charlotte, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007);  Hi-Tech, Inc. v. Rising, 2006 WL 1966663 at *3 (W.D.N.C. July 11, 2006).

Therefore, because the undersigned will allow Plaintiffs' Second Amended Complaint, which thus supersedes the previous Complaint, the undersigned respectfully recommends that the Defendant Iron Thunder's motions to dismiss (Document Nos. 3 and 13) be denied as moot.  This recommendation is without prejudice to Defendants filing a motion to dismiss the Second Amended Complaint, if so desired.

## EXTENSION OF TIME

In their motion for extension of time, Plaintiffs seek additional time to respond to Defendant Iron Thunder's "Motion To Dismiss" (Document No. 13).  In view of the undersigned's recommendation herein that the motions to dismiss be denied as moot, the motion for extension is unnecessary and should also be denied as moot.

**IT IS, THEREFORE, ORDERED** that the "Motion For Leave To File A Second Amended Complaint" (Document No. 14) is **GRANTED**. The Clerk of Court shall create a separate docket

entry for Plaintiffs' "Second Amended Complaint" (Document No. 14-1) as of the date of this Order. Defendants shall answer or otherwise respond to the Second Amended Complaint on or before **October 15, 2010**.

**IT IS FURTHER ORDERED** that Plaintiffs' "Motion For Extension Of Time To File Response Brief In Opposition To Defendant Iron Thunder Saloon & Grill, Inc.'s Motion To Dismiss" (Document No. 15) is **DENIED AS MOOT**.

**IT IS RESPECTFULLY RECOMMENDED** that the "Motion To Dismiss - The Iron Thunder Saloon & Grill Hickory, Inc." (Document No. 3) and the "Motion To Dismiss - The Iron Thunder Saloon & Grill, Inc." (Document No. 13) be **DENIED AS MOOT**.

**SO ORDERED AND RECOMMENDED**.

## NOTICE OF APPEAL RIGHTS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within fourteen (14) days of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties, the *pro se* Defendant, and the Honorable Richard L. Voorhees.

4

Signed: September 22, 2010

David C. Keesler
United States Magistrate Judge