IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3: 10cv305

| | |
|---|---|
| MANISH ATMA; and HITESH PATEL, ) ) Plaintiffs, ) ) Vs. ) ) THE IRON THUNDER SALON & ) GRILL, INC.; and DANIELLE DUNN, ) ) Defendants. ) _____ ) | ORDER OVERRULING OBJECTIONS |

**THIS MATTER** is before the court on defendant Iron Thunder Saloon & Grill, Inc.'s ("Iron Thunder") Objections to Magistrate Judge Keesler's Memorandum and Order and Recommendation (#20). In relevant part, Honorable David C. Keesler, United States Magistrate Judge, in his Memorandum and Order and Recommendation (#17) granted plaintiffs' Motion for Leave to File a Second Amended Complaint (#14) and recommended that Iron Thunder's Motion to Dismiss (#3) and Motion to Dismiss (#13) be denied as moot. Iron Thunder objects to Judge Keesler's allowance of the Motion to Amend, arguing that plaintiffs failed to show, and Judge Keesler did not find, good cause for the proposed amendment.

### FINDINGS AND CONCLUSIONS

I. **Applicable Standard**

The Federal Magistrate Act provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or

recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the Court has conducted a careful review of the Judge Cayer's M&R.

## II. Discussion

### A. Motion to Amend

From the outset, Iron Thunder is objecting to Judge Keesler's disposition of plaintiffs' Motion to Amend, which Judge Keesler properly disposed of by Order in accordance with 28, United States Code, Section 636(b)(1)(A). Inasmuch as a Motion to Amend is a non-dispositive matter, Rule 72(a), Federal Rules of Civil Procedure, provides the standard for review:

> The district judge in the case must consider timely objections and modify or set aside any part of the order that is *clearly erroneous or is contrary to law*.

Fed.R.Civ.P. 72(a).

In support of its objection, Iron Thunder points out that Judge Keesler did not specifically reference the good cause that supported the proposed amendment; however, Iron Thunder has not referenced any decision that requires a court to precisely identify the good cause on which it has relied in granting a motion to amend. See Objection, at ¶ 10. Even if such were required, the failure of a court to identify the good cause that supports granting non-dispositive relief is harmless error especially where the good cause is self evident from the face of the motion. Good cause was clearly shown in the Motion to Amend inasmuch as plaintiffs sought leave to correct a typographical error concerning the date on which the alleged event occurred, Motion, at ¶ 5, and such amendment was sought before Iron Thunder filed its Answer. Id., at ¶ 6. As the Court of Appeals for the Fourth Circuit has held:

> Rule 15(a) of the Federal Rules of Civil Procedure provides that when a party seeks leave to amend a complaint "leave shall be freely given when justice so requires." Foman v. Davis, 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962), mandates a liberal reading of the rule's direction for "free" allowance: motions to amend are to be granted in the absence of a "declared reason" "such as undue delay, bad faith or dilatory motive . . . , repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , futility of amendment, etc." In Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980), we noted that under Foman a lack of prejudice would alone ordinarily warrant granting leave to amend and that mere delay absent any resulting prejudice or evidence of dilatoriness was not sufficient justification for denial.

Ward Electronics Service, Inc. v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir. 1987). The court understands Iron Thunder's overriding concern as to nature of the typographical error - - plaintiffs were off by a year and a day as to the date

-3-

on which they were allegedly discriminated against based on their perceived race, color, ethnicity, or ancestry - - which caused them to expend resources in their preliminary investigation unnecessarily. Such concerns can, however, be better addressed under 42, United States Code, Section 1988(b)(which is applicable to Section 1981 actions) regardless of whether defendant is the prevailing party: Iron Thunder can seeking recovery of its own fees if it prevails or reduction of plaintiffs' fees if it is not the prevailing party. Rule 15 is designed, however, to afford parties an opportunity to litigate their claims on the merits by allowing for amendment throughout the trial process, even though such amendment may have collateral consequences. So long as those collateral consequences do not rise to the levels discussed in <u>Ward Electronics Service, Inc.</u>, <u>supra</u>, amendment should be "freely allowed." <u>Id.</u>  Finding that the proposed amendment would not cause undue prejudice to Iron Thunder inasmuch as it had not answered the First Amended Complaint at such time, and amending a complaint to reflect the actual date of the allegedly unlawful conduct is in furtherance of compelling interests in justice, Judge Keesler properly granted the motion.

Having determined that the Order allowing the Motion to Amend is neither clearly erroneous nor contrary to law, the objection will be respectfully overruled.

**B.    Motion to Dismiss**

Iron Thunder's objection to the recommendation that the Motion to Dismiss be denied as moot is conjoined with the objection to allowing the Motion to Amend, arguing that

> [b]ecause the Court, respectfully, should not adopt Judge Keesler's recommendation and order granting plaintiffs' motion for leave to file a second amended complaint, it only follows that the Court, further, should not adopt Judge Keesler's recommendation and order that ITSG's Motion to Dismiss be "denied as moot".

Objections, at ¶ 18. Rule 72(b)(3) provides for review of recommendations on dispositive motions, requiring the court to "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed.R.Civ.P. 72(b)(3). Because the objection to Judge Keesler's recommended disposition of the Motion to Dismiss is dependent on resolution of the objection to his disposition of the non-dispositive motion, the court considers the objection to be conclusory. Conducting a de novo review, it is clear that Judge Keesler properly disposed of the Motion to Dismiss as moot inasmuch as such resolution is in accord with current case law. Young v. City of Mount Ranier, 238 F. 3d 567, 573 (4th Cir. 2001) ("[t]he general rule ...is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect); Taylor v. Abate, 1995 WL 362488, *2 (E.D.N.Y.1995)[1] ("Defendants' motion to dismiss is addressed solely to the original complaint···· Consequently, upon the filing of the amended complaint, their motion is mooted and, therefore, denied."); In re Colonial Ltd. Partnership Litig., 854 F.Supp. 64, 80 (D.Conn.1994) (noting where "a plaintiff amends its complaint while a motion to dismiss is pending" the court may "deny[ ] the motion as moot"); Rathke v. HCA Management Co., Inc., 1989 WL 161431, at *1 n. 1

---

[1] Due to the limits of ECF, copies of unpublished decisions cited in this Order are incorporated into the court record through reference to the Westlaw citation.

(D.Kan.1989) (holding that "motion to dismiss ⋯ became moot when plaintiff filed an amended complaint"); Gresham v. Waffle House, Inc., 586 F.Supp. 1442, 1444 n. 1 (N.D.Ga.1984) (same).

Finally, the court finds that Judge Keesler entered a recommendation on the Motion to Dismiss in an abundance of caution. Clearly, Judge Keesler could have entered an administrative Order directing the Clerk of Court to terminate the motion without prejudice inasmuch as the Motion to Dismiss was mooted as a matter of law.

Iron Thunder's objection will, respectfully, be overruled.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant Iron Thunder Saloon & Grill, Inc.'s ("Iron Thunder") Objections to Magistrate Judge Keesler's Memorandum and Order and Recommendation (#20), are respectfully **OVERRULED**, Honorable David C. Keesler's Memorandum and Order and Recommendation (#17) is **ACCEPTED** and **AFFIRMED**, and Iron Thunder's Motion to Dismiss (#3) and Motion to Dismiss (#13) are denied **WITHOUT PREJUDICE** as moot.

**IT IS FURTHER ORDERED** that Iron Thunder Answer or otherwise respond to plaintiffs' Second Amended Complaint (#18) within 14 days.

Signed: March 31, 2011

Max O. Cogburn Jr.
United States District Judge